**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EUGENE MONTOYA,

      Plaintiff-Appellant,

v.

STATE OF NEW MEXICO,

      Defendant-Appellee.

No. 99-2126
(D.C. No. CIV-97-1621-BB/DJS)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

Plaintiff Eugene Montoya appeals from the district court's dismissal of his case on summary judgment. [1] Mr. Montoya filed this claim under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213, against his former

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

employer the Museum of Natural History and Science, Office of Cultural Affairs, State of New Mexico, alleging that it discriminated against him by discharging him, failing to reasonably accommodate his disability, and denying him employment opportunities. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Mr. Montoya was employed with defendant for approximately twelve years. At the time of his termination, he was a custodian supervisor. During the last year or so of his employment, Mr. Montoya had a number of emotional outbursts, which included his use of abusive, foul language toward other employees. In addition to these outbursts, Mr. Montoya was frequently late for work, and failed to adhere to defendant's sick leave call in policy. As a result, Mr. Montoya was subject to progressive disciplinary action which culminated in his termination on January 7, 1997. Mr. Montoya appealed his dismissal to the State Personnel Board which held a hearing in June 1997. Thereafter, the hearing officer issued a written decision, finding that he had been dismissed for just cause. At the hearing a medical expert, Dr. Bobby Holstead, a Veterans Administration (V.A.) psychiatrist and psychologist, testified that Mr. Montoya had been diagnosed with major depression and posttraumatic stress disorder (PTSD) in 1995, that he was being treated at the V.A. hospital for these conditions, and that his treatment included medication.

-2-

After the EEOC issued him a right to sue letter, Mr. Montoya commenced this action against defendant. Mr. Montoya's complaint alleges that he is disabled pursuant to § 12102 of the ADA, based on his major depression and PTSD in that "during all relevant times he has had a mental impairment that substantially limits one or more of his major life activities, and/or had a record of such impairment, and/or was regarded as having such an impairment." Appellant's App. at 7 (complaint). His complaint also alleges defendant was aware of his disability through its supervisory employees; in particular, his supervisors knew he was on medication, that he was depressed, and that he was seeing a therapist at the V.A. hospital. See id. at 7-8.

In granting defendant's summary judgment motion, the district court held that Mr. Montoya did not inform defendant of his disability and his need for reasonable accommodation as required under the ADA. On appeal, Mr. Montoya contends the district court erred because defendant knew of his disability before he was discharged and was therefore obligated to provide him with a reasonable accommodation.

We review de novo the district court's decision granting summary judgment and apply the same legal standards as the district court. See Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1313 (10th Cir. 1999). Summary judgment is appropriate on a record demonstrating that "there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). As always, "we view the factual record and inferences therefrom in the light most favorable to the nonmoving party." Bullington , 186 F.3d at 1313.

Once the moving party meets its "initial burden to show that there is an absence of evidence to support the nonmoving party's case," Thomas v. IBM , 48 F.3d 478, 484 (10th Cir. 1995) (quotation omitted ), it is the nonmoving party's burden to "identify specific facts that show the existence of a genuine issue of material fact." Id. "The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor." Id. (quotation omitted).

The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). In order to make a prima facie case under the ADA, Mr. Montoya must show: (1) a disability as that term is understood under the ADA; (2) that he is qualified with or without reasonable accommodations; and (3) the employer discriminated against him on the basis of that disability. See Sorensen v. University of Utah Hosp. , 194 F.3d 1084, 1086 (10th Cir. 1999). Mental impairments are included within the ADA's definition of disability, so long as that impairment "substantially limits one or more of the major life

activities" of the impaired individual. 42 U.S.C. § 12102(2)(A). Defendant does not contest for purposes of summary judgment that plaintiff has a disability and that he is a qualified individual.

One of the ways an employer can discriminate against an individual under the ADA is by failing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). An employer is not expected to accommodate disabilities of which it is unaware and, "[i]n general, [ ] it is the responsibility of the individual with a disability to inform the employer that an accommodation is needed." 29 C.F.R. Pt. 1630, App. § 1630.9 at 361 (1999). Once the employee requests an accommodation, however, "the employer must make a reasonable effort to determine the appropriate accommodation." Id. The reasonable effort entails an interactive, flexible process of determining the appropriate accommodation. See id. Thus, "[t]he interactive [reasonable accommodation] process must ordinarily begin with the employee providing notice to the employer of the employee's disability and any resulting limitations." Smith v. Midland Brake, Inc., 180 F.3d 1154, 1171 (10th Cir. 1999) (en banc).

The Third Circuit has held that, in order to show an employer has failed to participate in the interactive reasonable accommodation process, the employee must demonstrate:

> 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith.

Taylor v. Phoenixville Sch. Dist., 184 F.3d 296, 319-20 (3d Cir. 1999) (en banc); see also Fjellestad v. Pizza Hut of Am., Inc., 188 F.3d 944, 952 (8th Cir. 1999) (applying the Third Circuit's factors set out in Taylor). For purpose of our analysis under these facts, we agree with the Third Circuit and use its approach. Hence, our resolution of this appeal turns on whether defendant had sufficient knowledge of Mr. Montoya's disability and whether Mr. Montoya requested reasonable accommodation, thereby triggering defendant's responsibility to engage in the interactive process outlined above.

On the record before us, and based on our review of the law and the parties' submissions, we agree with the district court's finding that Mr. Montoya did not meet his burden to show that defendant knew of his disability and its ensuing limitations, nor did he meet his burden to show that he requested reasonable accommodation. Although his complaint alleges notice to the employer, the factual record made in opposition to the motion for summary

judgment fails to reveal notice.  Hence, we find no triable issues of fact concerning defendant's obligation to engage in the interactive reasonable accommodation process; under these circumstances defendant's obligations under the ADA were not triggered.  Accordingly, we affirm the district court's grant of summary judgment for substantially the same reasons set forth in that court's thorough memorandum and order dated March 24, 1999.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge